UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD LEE QUICK, III,

    Plaintiff,

v.                                                       CASE NO. 3:12-cv-76-J-32JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Request filed by Plaintiff on February 10, 2012, in which he requests that this case be transferred back to the Orlando Division of this Court. (Doc. 31). He states, "I the plaintiff will be released from prison in less than sixty days and I have a permanent residence in Orlando. I request that this case be transferred back into [the] Orlando Division because I will be residing there." (*Id.*)

Local Rule 1.02(c) provides that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. R. 1.02(c). In an

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

analogous context: "[V]enue must be determined based on the facts at the time of filing." *Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 776 n.1 (11th Cir. 1987) (citations omitted).

Although Plaintiff filed this case in the Orlando Division, he was a resident of Hamilton County at that time. (Doc. 2.) Hamilton County is in the Jacksonville Division. M.D. Fla. R. 1.02(b)(1). Moreover, a prior, related case filed by Plaintiff was disposed of in the Jacksonville Division. *See* Order, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. May 31, 2011) (Doc. 40).[2] This case was specifically transferred to this Division "to conserve resources and avoid the duplication of judicial labor." (Doc. 27.)

Thus, the Court concludes that the Jacksonville Division bears the greatest nexus to this case. Further, as indicated by this Court's previous order (Doc. 27), keeping this case here will conserve resources and avoid the duplication of judicial labor. Therefore, the Request is due to be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

The Request (**Doc. 31**) be **DENIED**.

---

[2] Similar to the present case, the prior case was filed in the Orlando Division but was subsequently transferred to the Jacksonville Division based on the fact that Plaintiff then resided in Columbia County, which is also in the Jacksonville Division. *See* Order, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. Feb. 10, 2010) (Doc. 3).

**DONE AND ENTERED** at Jacksonville, Florida, on April 9, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

*Pro se* Plaintiff