UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD LEE QUICK, III,

    Plaintiff,

v.                                                          CASE NO. 3:12-cv-76-J-32JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss ("the Motion") (Doc. 16). Defendant asserts that Plaintiff's Complaint should be dismissed based on lack of subject matter jurisdiction, failure to state a claim, and *res judicata*. For the reasons stated herein, the Court **RECOMMENDS** that the Motion be **GRANTED** and that Plaintiff's Complaint be **DISMISSED without prejudice**.[2]

## I.     Summary of Recommendation

Plaintiff, who is proceeding *pro se*, alleges that although he was finally awarded Supplemental Security Income ("SSI") benefits by the Commissioner of the Social Security Administration ("the Commissioner") in or around 2009, he had

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] As further explained herein, dismissal without prejudice is recommended so that Plaintiff may bring suit, if necessary, after exhausting his administrative remedies.

previously been denied benefits beginning in October 2001. (Doc. 1 at 8-9.) The gravamen of Plaintiff's Complaint is that he was mentally incompetent to proceed before the Social Security Administration ("SSA") beginning in 2001 and was denied assistance in prosecuting his claims. (*Id.*) He alleges that, as a result, he was discriminated against and denied reasonable accommodations. (*Id.*) He seeks damages allegedly resulting from the SSA's denials of his prior applications for benefits. (*Id.* at 10.)

Plaintiff has an administrative remedy available to him to redress his complaints, which is a procedure for reopening his prior applications. Although given the opportunity to do so (Doc. 34), he has not alleged that he has made any attempt to reopen any prior application. Therefore, Plaintiff has failed to exhaust his administrative remedies, which normally precludes judicial review in the Social Security context. As discussed in detail below, the Court could arguably excuse the exhaustion requirement and exercise jurisdiction over this case. However, the considerations underlying the exhaustion requirement counsel strongly in favor of requiring Plaintiff to exhaust his administrative remedies in this case. Therefore, the undersigned recommends that the Motion be granted and Plaintiff's Complaint be dismissed without prejudice.[3]

---

[3] Given this recommendation, the Court need not address Defendant's failure-to-state-a-claim or *res judicata* arguments. The Court recognizes, however, that Plaintiff's prior case was dismissed without prejudice. Order, *Quick v. Astrue*, 3:10-cv-133-J-32JBT (M.D. Fla. May 31, 2011) (Doc. 40). Therefore, it would appear that *res judicata* is
(continued...)

## II. Background

This is Plaintiff's second time before this Court. In his prior complaint, Plaintiff similarly alleged that the SSA had discriminated against him by denying him benefits on several occasions. *See* Complaint, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. Feb. 1, 2010) (Doc. 1 at 8-9); Amended Complaint, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. Mar. 4, 2011) (Doc. 31). The Court dismissed Plaintiff's prior complaint without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Order, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. May 31, 2011) (Doc. 40) (adopting the Report and Recommendation of May 10, 2011 (Doc. 37)).

Plaintiff filed the subject Complaint in the Orlando Division of this Court on August 15, 2011. (Doc. 1.) The Complaint alleges that Plaintiff's application for SSA benefits, filed in October of 2001, was wrongfully denied because the Commissioner "did not have accom[mo]dations for me in my incompet[e]nt state of mind."[4] (Doc. 1 at 8.) In his Complaint, Plaintiff acknowledged that he had filed the aforementioned action in this Court. (*Id.* at 5.)

On December 5, 2011, Defendant filed the Motion. (Doc. 16.) Defendant

---

(...continued)
inapplicable. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect." (citation omitted)).

[4] The allegations of the Complaint are discussed in greater detail below.

asserts that Plaintiff's claim is barred by *res judicata* and alternatively, that Plaintiff has failed to establish subject matter jurisdiction or state a claim for relief. (*Id.* at 6-8.) Plaintiff filed an Objection to Dismissal in which he further detailed his allegations that he was mentally incompetent at the time of his prior application and was denied assistance in the processing of this application, allegedly in violation of the Americans with Disabilities Act ("ADA"). (Doc. 20 at 2.)[5]

The Court ordered Defendant to file a supplemental memorandum addressing whether Plaintiff's Complaint stated a claim for which relief could be granted under the ADA and whether the Court had subject matter jurisdiction over any such claim. (Doc. 22.) As a result of the prior related action, this case was transferred to the Jacksonville Division of this Court on January 23, 2012. (Doc. 27.) The Court then ordered Defendant to also address in his supplemental memorandum whether Plaintiff has asserted a colorable constitutional claim for violation of his procedural due process rights. (Doc. 32.)

On February 13, 2012, Defendant filed his Reply Memorandum Pursuant to Court's Orders ("Reply"). (Doc. 33.) In the Reply, Defendant argues that the Court does not have jurisdiction because there is no final decision of the Commissioner to review. (*Id.* at 4-5.) Defendant also points out that Plaintiff still has administrative

---

[5] Plaintiff submitted a second, identical Objection to Dismissal one day later. (Doc. 21.)

remedies available to him to reopen any prior applications.[6] (*Id.* at 7-8.) Defendant also asserts that the ADA is inapplicable to the federal government, but that even under the correct statute, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), Plaintiff's Complaint has alleged neither that he qualified as an individual with a disability nor that his disability was the sole basis for the denial. (Doc. 33 at 2-3.) Finally, Defendant asserts that Plaintiff has not raised a colorable constitutional claim. (*Id.* at 5-7.)

On February 29, 2012, this Court entered an order allowing Plaintiff an opportunity to amend his Complaint to allege his attempts, if any, to have the Commissioner reopen any of his prior applications for benefits. (Doc. 34.) However, Plaintiff has not amended his Complaint. Instead, on March 24, 2012, Plaintiff filed his Response to Defendant's Reply Memorandum, which merely reasserts that the SSA discriminated against him based on his alleged mental illness, and requests that the Court subpoena certain court and hospital records to further prove that he was mentally ill in 2001. (Doc. 36.)[7]

**III.    Standard**

Plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet*

---

[6] For a history of Plaintiff's SSA applications, see the Declaration of Kalisha Grant (Doc. 33-1) and the Declaration of Patricia MacInnis, *Quick v. Astrue*, No. 3:10-cv-133-J-32JBT (M.D. Fla. Dec. 23, 2010) (Doc. 25-1).

[7] Although this Response was unauthorized, the Court did not strike it given Plaintiff's *pro se* status.

5

*Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A party may attack subject matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is facial, as in the present case, the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* at 1529. Moreover, it is well-established that the pleadings of *pro se* litigants, like Plaintiff, must be liberally construed and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (citations omitted). Courts are under no duty, however, to "re-write" a plaintiff's complaint. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**IV.    Analysis**

    **A.    Jurisdictional Standard in Social Security Cases**

Under 42 U.S.C. § 405(g):

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing to which he was a party*, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Further, 42 U.S.C. § 405(h) provides:

> The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed* by any person, tribunal, or governmental agency except as herein provided. *No action against* the United States, *the Commissioner of Social Security*, or any officer or employee thereof *shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter*.

42 U.S.C. § 405(h) (emphasis added).

The Supreme Court has held that 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies, is the sole avenue for judicial review of the Secretary's decisions. *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327-28 (1976). "On its face [Section] 405(g) . . . bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Eldridge*, 424 U.S. at 328. The meaning of the term "final decision" is "left to the Secretary to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

### B. The Court Does Not Have Jurisdiction to Hear a Claim Arising Under Title II of the ADA or Section 504 of the Rehabilitation Act Based on the Denial of SSA Benefits.

Plaintiff asserts that he is entitled to relief under Title II of the ADA. (Doc. 20 at 2.) However, "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) (holding that "the FCC itself cannot be made liable under Title II of the ADA").

Moreover, even under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Section 504"), which does apply to the federal government, the Court lacks subject matter jurisdiction to decide the matter. The jurisdictional basis for a district court to hear a Section 504 claim is 28 U.S.C. § 1331. *Armstead v. Pingree*, 629 F. Supp. 273, 277 (M.D. Fla. 1986) ("Plaintiffs have alleged and it is clear that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate the § 504 claim arising under the federal statutes."); *see also P.P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 734 (3d Cir. 2009). Nevertheless, as previously stated, 42 U.S.C. § 405(h) provides that "[n]o action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). Therefore, pursuant to 42 U.S.C. § 405(h), the Court is expressly prohibited from hearing any Section 504 claim Plaintiff may wish to allege based on denial of SSA benefits.

### C. Plaintiff Has Failed to Exhaust His Administrative Remedies.

> "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."

*Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting *Salfi*, 422 U.S. at 765).

Plaintiff clearly has an administrative remedy available to him. He alleges in

the Complaint that his incompetence prevented him from being able to proceed before the SSA beginning with an application for benefits he submitted in October 2001. (Doc. 1 at 8-9.) However, Social Security Ruling ("SSR") 91-5p provides him with a remedy. This SSR provides in part:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

SSR 91-5p, 1991 WL 208067, at *2 (1991).[8] Thus, an individual whose mental capacity prevented him from timely seeking review of a prior decision may request administrative review of that decision even though the time limits for such review have expired. Although given an opportunity to allege his attempts, if any, to have the Commissioner reopen any prior application (Doc. 34), Plaintiff failed to do so. Thus, there is an administrative remedy available to Plaintiff regarding his prior applications, which he has failed to exhaust.

Notwithstanding the general rule requiring exhaustion before judicial review

---

[8] This procedure supplements the Commissioner's other reopening procedures, which provide for reopening for any reason, if requested within twelve months, or for "good cause," if requested within four years. 20 C.F.R. §§ 404.987-404.988.

9

may be had,

> [t]he agency may always waive the exhaustion requirement. It may be held to have done so by failing to challenge the sufficiency of the allegations in plaintiffs' complaint, as it did in *Salfi*.[9] Exhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority as in *Eldridge*. Exhaustion may be impractical and inconsistent with the exhaustion principles when a judicial determination has been made that the agency's procedure is illegal.

*Id.* More broadly, "when constitutional questions are in issue, the availability of judicial review is presumed . . . ." *Califano*, 430 U.S. at 109.

Although Plaintiff has not labeled any of his allegations as constitutional, it appears that Plaintiff may be attempting to raise the type of procedural due process claim recognized in *Elchediak v. Heckler*, 750 F.2d 892, 894-95 (11th Cir. 1985). In *Elchediak*, the Eleventh Circuit held that the district court had jurisdiction to review a non-final decision of the Commissioner denying plaintiff's application to reopen a prior application because a colorable constitutional claim was raised. *Id.* The court noted that the plaintiff in that case had shown that: "(1) he suffered from a medically-documented mental illness which serves as the basis for his disability claim; (2) on his first application he was without the assistance of counsel or other suitable representation; and (3) that he cannot assert a new claim for benefits because he

---

[9] In the Motion, the Commissioner argued that the Court lacked jurisdiction because Plaintiff failed to exhaust his administrative remedies. (Doc. 16 at 9.) Further, in his supplemental memorandum, he specifically cited SSR 91-5p. (Doc. 33 at 7-8.) Thus, he has clearly not waived the exhaustion requirement.

10

now lacks insured status." *Id.* at 895. The court also recognized that other courts "have held that a claimant suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from proceeding from one administrative level to another in a timely fashion." *Id.* at 894.

The Complaint alleges: "In October of 2001 I was denied assistance that disabled receive all over the United States of America . . . I was incompet[e]nt at the time and the Social Security Administration had Rules that ignored and prevented those with mental handicaps from receiving assistance or benefits if denied for any reason." (Doc. 1 at 8-9.) Plaintiff also alleges, "[i]t was discrimination when the Social Security Administration did not have accommodations for me in my incompet[e]nt state of mind. Allowing Rules that I could not see or compet[e]nt enough to understand prevent me from Assistance Given to other Citizens of the Untied States." (*Id.* at 8.)

Similarly, in Plaintiff's Objection to Dismissal, he states:

There was clear evidence I was incompetent at the time of my applications process [sic] and had been diagnosed schizophrenic by several doctors and deemed insane in courts. My incompetent state at the time was undeniable. That being the case[,] at the time my application was processed, these facts included, and after applying in 2001, I received a denial in 2002.
 With this being the case, I requested assistance and did not receive it because of my incompetent state. The Social Security requirements were beyond my knowledge, and comprehension at the time and . . . without aid or competent person that should have . . .

11

> been in place by the Social Security Administration to assist those with such a disability.

(Doc. 20 at 2.)

Although the Court could arguably exercise jurisdiction over this case based on the allegations quoted above, the undersigned recommends that Plaintiff first be required to exhaust his administrative remedies.[10] This recommended course of action is particularly appropriate here, because the Commissioner has provided an administrative remedy for claimants, like Plaintiff, whose mental capacities allegedly prevented them from timely seeking review of a prior administrative decision. *See* SSR 91-5p, 1991 WL 208067, at *2 (1991). Requiring Plaintiff to exhaust this remedy will "'prevent premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors.'" *Crayton*, 120 F.3d at 1222 (citation omitted). It will also "'afford the parties and the courts the benefit of [the agency's] experience and expertise, and to compile a record which is adequate for judicial review.'" *Id.* Further, any constitutional issue raised by Plaintiff's allegations is not "collateral to the consideration of claimant's claim." *Id.*

---

[10] Even if the Court chose to excuse the exhaustion requirement and exercise jurisdiction over this case, it appears that the remedy would likely be remand to the Commissioner "for further findings at the administrative hearing level," or perhaps remand for an appropriate award of benefits, but not open-ended damages as a result of prior denials as Plaintiff seeks. *Elchediak*, 750 F.2d at 892-93.

The consideration of allowing the SSA "'to compile a record which is adequate for judicial review,'" *id.*, merits a separate discussion. In *Elchediak* and every other case the undersigned has reviewed in which the court found jurisdiction to hear a similar claim, there was some administrative decision, final or not, for the Court to review. *See Cherry v. Heckler*, 760 F.2d 1186, 1188-89 (11th Cir. 1985); *Elchediak*, 750 F.2d at 893; *Penner v. Schweiker*, 701 F.2d 256, 259 (3rd Cir. 1983); *Parker v. Califano*, 644 F.2d 1199, 1200 (6th Cir. 1981); *Brittingham v. Schweiker*, 558 F.Supp. 60, 60-61 (E.D. Pa. 1983); *Kapp v. Schweiker*, 556 F.Supp. 16, 18 (N.D. Cal. 1981). For example, in *Elchediak* the plaintiff brought suit based on the administrative law judge's refusal to reopen his application, which was affirmed by the Appeals Council. *Elchediak*, 750 F.2d at 893. Although the Court found jurisdiction to hear this non-final decision, there was at least some administrative decision to review. *Id.* at 893-94. Moreover, the Eleventh Circuit reversed the district court with instructions to remand the case to the Commissioner for further findings at the administrative level.[11]

In summary, Plaintiff clearly has an administrative remedy that he has not exhausted. Although the Court could arguably excuse the exhaustion requirement and exercise jurisdiction over this case, the considerations underlying the exhaustion requirement counsel strongly in favor of requiring Plaintiff to exhaust his administrative remedies in this case. Therefore, the undersigned recommends that

---

[11] *Elchediak* was decided prior to the issuance of SSR 91-5p.

the Motion be granted and Plaintiff's Complaint be dismissed without prejudice for lack of subject matter jurisdiction in light of Plaintiff's failure to exhaust his administrative remedies.

**V.  Conclusion**

The undersigned recommends that the Motion be granted and Plaintiff's Complaint be dismissed.  However, the dismissal of Plaintiff's Complaint should be without prejudice so that Plaintiff may bring suit, if necessary, after exhausting his administrative remedies.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 16**) be **GRANTED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 9, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

*Pro se* Plaintiff